NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000391
25-JUN-2018
08:03 AM

NO. CAAP-17-0000391

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NATIONSTAR MORTGAGE LLC, Plaintiff-Appellee,
v.
KATHY JANE BALOCON;
ASSOCIATION OF APARTMENT OWNERS OF SUN RISE, INC.;
EWA BY GENTRY COMMUNITY ASSOCIATION,
Defendants-Appellees,
and
CHUN MEI TONG, as Trustee of the
Unrecorded Sun Rise Family Trust Dated July 8, 2014,
Intervenor-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2748)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Applicant Intervenor-Appellant Chun Mei Tong, Trustee
of the Unrecorded Sun Rise Family Trust dated July 8, 2014 (Tong)
appeals from the "Order Granting Plaintiff's Motion for
Confirmation of Sale by Commissioner" (Order Granting
Confirmation of Sale) and the "Judgment on Order Granting
Plaintiff's Motion for Confirmation of Sale by Commissioner"
(Judgment) both entered on April 27, 2017, by the Circuit Court

of the First Circuit (circuit court).[1] The Order Granting Confirmation of Sale confirmed the sale of the foreclosed property on which Plaintiff Appellee NationStar Mortgage LLC (NationStar) had obtained a prior judgment on a decree of foreclosure against Defendant Appellees Kathy Jane Balocon (Balocon), Association of Apartment Owners of Sun Rise Inc. (AOAO), and Ewa by Gentry Community Association (Ewa by Gentry).

On appeal, Tong contends that the circuit court erred when it denied Tong's request for (1) intervention of right pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a)(2), (2) permissive intervention pursuant to HRCP Rule 24(b)(2), and (3) joinder pursuant to HRCP Rule 19(a)(2)(A).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Tong's points on appeal as follows.

It is well-settled that "only parties to a lawsuit . . . may appeal an adverse judgment[.]" Marino v. Ortiz, 484 U.S. 301, 304 (1988). "In other words, nonparties, who did not or could not intervene, 'are ordinarily denied standing to appeal[.]'" Stewart Properties, Inc. v. Brennan, 8 Haw. App. 431, 433, 807 P.2d 606, 607 (1991) (footnote and citation omitted). As such, because the circuit court indicated its intention to deny Tong's Motion to Intervene at the hearing on NationStar's motion for confirmation of sale and thereafter, issued a minute order denying Tong's Motion to Intervene, Tong's status as a non-party raises the issue of standing[2] in the

---

[1]    The Honorable Jeannette Castagnetti presided.

[2]    Generally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (quoting Kepo'o v. Watson, 87 Hawai'i 91, 95, 952 P.2d 379, 383 (1998) (quoting Waikiki Malia Hotel, Inc. v. Kinkai Props., Ltd P'ship, 75 Haw. 370, 393, 862 P.2d 1048, 1061 (1993))).

instant appeal from the Order Granting Confirmation of Sale and Judgment.

On November 1, 2012, Bank of America, N.A. (BOA), filed its complaint against Balocon, the AOAO, and Ewa by Gentry seeking to foreclose on Balocon's property due to her default under the mortgage and note. On July 8, 2014, Tong acquired title to the mortgaged property subject to Balocon's mortgage by means of a nonjudicial foreclosure conducted by the AOAO and evidenced by a Quitclaim Deed, recorded in Land Court on August 25, 2014.[3] Interest in the mortgage and note for the subject property had been transferred to NationStar and on September 29, 2014, NationStar was substituted for BOA in the circuit court foreclosure proceeding.

On August 12, 2015, NationStar filed its motion for summary judgment and decree of foreclosure, which was granted by the circuit court on March 8, 2016. The Findings of Fact, Conclusions of Law and Order issued by the circuit court found that Tong had acquired her interest in the subject property by virtue of AOAO's nonjudicial foreclosure and ordered that upon closing of the sale, Tong and Balocon "shall be perpetually barred of and from any and all right, title and interest in the Mortgaged Property or any part thereof."

NationStar filed its Motion for Confirmation of Sale by Commissioner on November 15, 2016. Thereafter, on January 19, 2017, Tong filed her Motion to Intervene, seeking intervention as a right under HRCP Rule 24(a) or, in the alternative, substitution for the AOAO pursuant to HRCP Rule 25(a) and (c). On February 21, 2017, the circuit court issued a minute order denying Tong's Motion to Intervene and ordering NationStar to prepare the written order, however upon review of the record, it appears that no order was reduced to writing.

Although "[a]n order denying an application for

---

[3] The AOAO had previously filed an Amended Notice of Default and Intention to Foreclose in the Land Court on October 11, 2012, stating, in relevant part that if Balocon's default was not cured, the AOAO intends to conduct a power of sale foreclosure at a public sale subject to the mortgage.

intervention under HRCP Rule 24 is a final appealable order under [Hawaii Revised Statutes (HRS)] § 641-1(a)[,]" giving Tong standing to appeal, the circuit court never entered any written orders on Tong's Motion to Intervene, despite it's oral denial of Tong's intervention at the hearing on NationStar's Motion for Confirmation of Sale on February 2, 2017 and minute order issued by the circuit court on February 21, 2017. Hoopai v. Civil Service Com'n, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004). The circuit court subsequently entered its Order Granting Confirmation of Sale and Judgment without reference to Tong's Motion to Intervene, thereby making Tong a nonparty to the instant proceeding.

> However, "a non-party against whom judgment is entered has standing without having intervened in the [circuit] court action to appeal the [circuit] court's exercise of jurisdiction over him." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (citations omitted); *see also Thompson v. Freeman*, 648 F.2d 1144, 1147 n.5 (8th Cir. 1981)(noting that, although the appellant was not a party to the underlying action, it may bring its present appeal "to contest the district court's jurisdiction to bind it to the terms of the court's injunction") (citations omitted); 15A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction and Related Matters* § 3902.1, at 44324 (2006) ("The easiest cases for permitting nonparty appeal are those in which a court order *directly binds the nonparty by name*.") (Footnote omitted.) (Emphasis added.).

Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawai'i 251, 276, 151 P.3d 732, 757 (2007).

Here, the circuit court denied Tong's Motion to Intervene, determining that Tong's intervention was untimely and therefore improper. However, the circuit court proceeded to include Tong in the Order Granting Confirmation of Sale and Judgment in a manner that aggrieved[4] Tong and simultaneously entered a writ of possession that expressly applied to Tong. The writ of possession filed on April 27, 2017, commanded the sheriff

---

[4] The Hawai'i Supreme Court in State v. Baxley, 102 Hawai'i 130, 134, 73 P.3d 668, 672 (2003), explained that an "aggrieved party" for purposes of appellate jurisdiction, is "one whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation."

to remove Tong from the subject property. As such, we determine that Tong has standing to appeal.

We limit the scope of our review to the Judgment on Order Granting Confirmation of Sale and decline to address the issues raised on appeal by Tong regarding her Motion to Intervene as they should be brought on appeal from an Order disposing of Tong's Motion to Intervene. Further, Tong's opening brief does not identify any points of error or arguments on appeal regarding the confirmation of the foreclosure sale and appears to only address the issue of her intervention. As such, any challenge to the confirmation of sale is waived. Weinberg v. Mauch, 78 Hawaiʻi 40, 49, 890 P.2d 277, 286 (1995) ("[T]he Mauchs do not present an argument as to why the trial court erred by granting the motion. . . . therefore, [they] have not properly presented this issue on appeal, and it is not subject to review by this court.").

"Generally, '[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" Kahala Royal Corp., 113 Hawaiʻi at 277, 151 P.3d at 758 (quoting Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969)). Further, "[i]n order for the decree of the lower court to be binding upon such [absent] persons, they must be made parties to the suit, either as plaintiffs or defendants." Haiku Plantations Ass'n v. Lono, 56 Haw. 96, 102, 529 P.2d 1, 5 (1974).

Here, as previously stated, the circuit court essentially rendered a binding order and judgment against Tong by explicitly naming Tong in the Order and writ of possession. The Order Granting Confirmation of Sale identifies Tong as an entity that had acquired title to the mortgaged property subject to NationStar's mortgage and ordered that Tong "shall be barred of and from any and all right, title and interest in and to the Property . . . and Purchaser or its nominee shall be entitled to immediate exclusive ownership and possession of the Property." The writ of possession commands the removal of Tong from the

5

subject property, despite the circuit court's rejection of Tong's attempt to become a party to the proceeding through its denial of Tong's intervention. Because Tong was never made a party to the action, the circuit court was in no position to render a binding adjudication against Tong, as a non-party, from which she was aggrieved by the ruling. Therefore, we conclude that the circuit court erred only in explicitly including Tong in its Order Granting Confirmation of Sale and Judgment and issuing writ of possession against Tong.

Therefore, IT IS HEREBY ORDERED that the Judgment on Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner, filed on April 27, 2017, by the Circuit Court of the First Circuit is affirmed in part and vacated in part. The portion of Paragraph H of the Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner that explicitly names Tong and the portion of the Writ of Possession that explicitly names Tong is vacated. The Judgment in all other respects is affirmed.

DATED: Honolulu, Hawai'i, June 25, 2018.

On the briefs:

Richard T. Forrester,
and Matthew P. Holm,
(Forrester Legal, LLC)
for Intervenor-Appellant.

Jade Lynne Ching,
Kanoelani S. Kane,
and Hailialoha D. Hopkins,
(Nakashima Ching LLC)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6